JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 6396

Ronald D. Coleman (RC 3875)
Joel G. MacMull (JM 8239)
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 3100
New York, New York 10119
(212) 695-8100
rcoleman@goetzfitz.com
jmacmull@goetzfitz.com
*Attorneys for Plaintiff*
*Opinion Corp.*



| | |
|---|---|
| **OPINION CORP.**, <br><br> *Plaintiff,* <br><br> - vs. - <br><br> **ROCA LABS, INC.**, <br><br> *Defendant.* | CIVIL ACTION NO. <br><br>_____ <br><br> **COMPLAINT** |

Plaintiff, Opinion Corp., by and through its undersigned attorneys, for its complaint against the defendant named herein, alleges as follows:

### THE PARTIES

1. Plaintiff Opinion Corp. is a New York limited liability company with a principal place of business in New York, New York.

2. Defendant Roca Labs is a Florida corporation with its principal place of business in Sarasota, Florida.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1367 and 2201, in that this case arises under the trademark laws and copyright laws of the United States, the Federal Declaratory Judgment Act and pursuant to the principles of supplemental jurisdiction.

4. Personal jurisdiction over defendant is vested in this Court because it is doing business in the State of New York or otherwise has engaged in acts and conduct purposefully directed towards plaintiff, a New York limited liability company whose principal place of business is in the State of New York.

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1121 (b) and (c) because a substantial portion of the harm sought to be avoided, and substantial part of the events and omissions giving rise to the claims herein, have occurred, continue to occur and threaten to occur in this District.

## FACTS

6. Plaintiff Opinion Corp. is the corporate owner of a website located at www.PissedConsumer.com.

7. As its name implies, the PissedConsumer.com website is a "gripe site."

8. In truth, PissedConsumer.com is an Internet forum that permits third party users ("users") to post comments and criticisms of businesses and individuals, which posts may be made anonymously, and which offers such businesses the opportunity to address such claims in a variety of productive ways.

9. As such, PissedConsumer.com is an information service or system that provides or enables computer access by multiple users to a computer server.

10. PissedConsumer.com does not, as a rule, edit, confirm or vet the content of users' posts for accuracy, or otherwise, subject to its terms of use.

11. Roca Labs describes itself as having "invented the Gastric Bypass Alternative®, strongest non-surgical weight loss in the world for the obese. The Formula procedure creates an immediate gastric bypass effect, leaving only 20% stomach space available for eating, practically forcing the user to eat only half and lose weight from day 1."

12. The Better Business Bureau ("BBB") in West Florida ranks Roca Labs as an "F," on a scale of A+ through F, in its business rating system.

13. According to the BBB, the factors that lowered Roca Labs USA's rating include the fact that 74 complaints had been filed against it with the BBB; that Roca failed to respond at all to 14 of them; and that among those to which Roca did respond, two were not resolved.

14. Moreover, according to the BBB website, "It has come to BBB's attention that the company will demand the removal of any complaint, web post or other publication that constitutes a breach of the terms and conditions agreed to by the consumer at the time of purchase, regardless of whether or not the consumer complaint is resolved."

15. The "terms" referred to in the above statement are, upon information and belief, as follows:

> The price for The Formula and The Support is $1,580.00. The health application fee is $75.00; however this fee is waived upon purchase of the Formula. $17 is charged for verification purposes only, if approved the charge is deducted from the total payment. If not approved the $17 is immediately refunded back to the customer. If a customer decides to file any dispute with their credit card company for any charges made to the account the full $75 health application fee will be applied. You may purchase The Formula and The Support at full price and without condition, or you may elect to purchase The Formula at a special conditional rate ("Conditional Price"). We are providing this deeply discounted Conditional Price because The Company can better manage its risks and resources, and reduce The Company's legal expenses. In exchange for this Conditional Price, you explicitly agree to all of the following:

. . .

(4) You agree that we can use any and all information relating to your success in The Company's marketing efforts. This can be done anonymously upon your written request.

(5) You agree that, regardless of your outcome, you WILL NOT speak, publish, print, blog or write negatively about The Product or The Company in any forum.

Any violation of this provision of the Agreement is deemed a material breach and you agree that The Company has no adequate remedy at law. You further consent to and agree to entry of an injunction by a Court of competent jurisdiction in enforcement of your violation of this term and condition.

(6) If you breach this Agreement, you agree to pay the full price for The Formula within 3 business days of demand, plus any expenses we incur in resolving the issue. In addition, we retain all legal rights and remedies against you for breach of contract and any other appropriate causes of action.

16.     Unsurprisingly in view of the reputation of Roca Labs as well as what appears to be dissatisfaction among its customers so widespread that Roca deems it necessary to impose "terms" purporting to impose a vow of silence on them, numerous dissatisfied customers have posted complaints on PissedConsumer.com.

17.     In the summer of 2014, Roca Labs contacted Opinion Corp. and demanded that it remove these complaints.

18.     Opinion Corp. does not remove reviews from PissedConsumer.com unless they violate Opinion Corp.'s terms of service, and certainly does not do so based on threats of litigation by the subject of the review.

19.     Opinion Corp. will, however, remove a review upon receipt of an authenticated communication from the user who posted the review requesting removal.

20.     Opinion Corp.'s legal right to maintain this policy has been repeatedly vindicated by the courts, despite a series of legal challenges by companies and individuals seeking to silence criticism through litigation.

21. If Opinion Corp. were to remove reviews merely because the subjects of reviews threatened legal action, PissedConsumer.com would collapse as a source of consumer communication and information and as a business enterprise.

22. Notwithstanding being apprised of these facts, by letter dated August 7, 2014, Roca Labs insisted that it could "establish the knowing and intentional actions of Opinion" and that "Roca has suffered damages in excess of $40 million."

23. The letter from Roca based this figure on its assertion that it was assured of "an average order in excess of $600" from each and every one of 71,000 reported readers of the negative reviews about Roca on the PissedConsumer.com website.

24. Roca also claimed, as set forth in the August 7th letter, that Opinion Corp. is infringing trademarks claimed by Roca (the "Roca Marks") as well as Roca's copyright based on the content found at PissedConsumer.com.

25. Roca demanded that, in order to avoid litigation, Opinion Corp. remove all postings about Roca from PissedConsumer.com, identify anonymous complainants and pay $100,000 to Roca "to cover past expenses and future monitoring."

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Trademark Non-Infringement, Non-Dilution and No Unfair Competition

26. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

27. Notwithstanding any trademarks found in content posted on PissedConsumer.com, plaintiff makes no use whatsoever of any of the alleged Roca Marks as trademarks.

5

28. Any use by plaintiff of the alleged Roca Marks on PissedConsumer.com does not cause a likelihood of confusion and does not constitute infringement.

29. Plaintiff's use of the alleged Roca Marks is fair use and does not constitute infringement.

30. Plaintiff's use of the alleged Roca Marks does not damage Roca and does not constitute infringement.

31. By accusing plaintiff of federal and state trademark infringement, threatening imminent litigation regarding the same and demanding that to avoid litigation plaintiff eviscerate its business and pay defendant an exorbitant sum, defendant has created a present and actual controversy between the parties.

32. Roca's actions have caused plaintiff to bring this action which is the only means for it to maintain its lawful activities.

33. Plaintiff's remedy at law, in the event Roca seeks to obtain a preliminary injunction, is not adequate to compensate it for the injuries threatened or inflicted by Roca.

34. Plaintiff requests that this Court declare and adjudicate the parties' respective rights and duties with respect to plaintiff's use of the trademarks owned, associated with, or allegedly owned by defendants.

### SECOND CAUSE OF ACTION
### Declaratory Judgment of Copyright
### Non-Infringement

35. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

36. Plaintiff's use of content including material whose copyright is allegedly owned by Roca is fair use and does not constitute infringement.

37. Plaintiff's use of works whose copyright is allegedly owned by Roca does not damage Roca and does not constitute infringement.

38. Plaintiff's use of works whose copyright is allegedly owned by Roca, but which Roca has placed or has allowed to be placed into the public domain, does not constitute infringement.

39. Upon information and belief, Roca has not registered the copyright in some or all of the works in which it claims to own the copyright, such that it has no right to proceed in or to threaten an action for enforcement thereof or to recover statutory damages or attorneys' fees or costs.

40. By accusing plaintiff of copyright infringement, threatening imminent litigation regarding the same and demanding that to avoid litigation plaintiff eviscerate its business and pay defendant an exorbitant sum, defendant has created a present and actual controversy between the parties.

41. Roca's actions have caused plaintiff to bring this action which is the only means for it to maintain its lawful activities.

42. Opinion Corp.'s remedy at law, in the event defendant Roca seeks to obtain a preliminary injunction, is not adequate to compensate Opinion Corp. for the injuries threatened or inflicted by Roca.

43. Plaintiff requests that this Court declare and adjudicate the parties' respective rights and duties with respect to plaintiff's use of the work whose copyright is allegedly owned by Roca.

## THIRD CAUSE OF ACTION
### Declaratory Judgment of No Deceptive or False Advertising

44. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

45. Plaintiff has not made a false or misleading statement of fact in a commercial advertisement about Roca.

46. No statement made by plaintiff has either deceived or had the capacity to deceive a substantial segment of potential consumers with respect to any fact about Roca that it is likely to influence consumers' purchasing decisions.

47. No statement made by plaintiff has caused or is likely to cause Roca injury.

48. Plaintiff's conduct does not constitute deceptive or false advertising.

49. By accusing plaintiff of deceptive or false advertising or related violations of law, including the law of the State of Florida, threatening imminent litigation regarding the same and demanding that to avoid litigation plaintiff eviscerate its business and pay defendant an exorbitant sum, defendant has created a present and actual controversy between the parties.

50. Roca's actions have caused plaintiff to bring this action which is the only means for it to maintain its lawful activities.

51. Plaintiff's remedy at law, in the event Roca seeks to obtain a preliminary injunction, is not adequate to compensate it for the injuries threatened or inflicted by Roca.

52. Plaintiff requests that this Court declare and adjudicate the parties' respective rights and duties with respect to plaintiff's conduct.

## THIRD CAUSE OF ACTION
### Declaratory Judgment
### Based on 28 U.S.C. §2201

53.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

54.     Section 230 of the Communications Decency Act (the "CDA") provides that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."

55.     The CDA provides further that "No cause of action may be brought and no liability may be imposed under any State of local law that is inconsistent with this section."

56.     PissedConsumer.com is an interactive computer service as defined by the CDA and relevant case law.

57.     Defendant has at all relevant times been aware that the legal claims they have advanced are baseless.

58.     Defendant has nonetheless threatened plaintiff with costly and inconvenient litigation unless its demands are met.

59.     By intentionally and maliciously threatening frivolous litigation, defendant has deprived plaintiff of its right to operate PissedConsumer.com free from the threat of unjustified litigation, as intended by the CDA.

60.     Defendant's purposeful and malicious threats of litigation interfere with and encroach on plaintiff's statutory right under the CDA to be immune from state law claims.

61.     By reason of the foregoing, a present, actual and justifiable controversy exists between plaintiff and Roca, which may be determined by judgment or order of this Court.

62. Plaintiff requests that this Court declare and adjudicate the parties' respective rights and duties with respect to plaintiff's conduct.

63. Roca's actions have caused plaintiff to bring this action which is the only means for it to maintain its lawful activities.

64. Plaintiff's remedy at law, in the event Roca seeks to obtain a preliminary injunction, is not adequate to compensate it for the injuries threatened or inflicted by Roca.

65. Plaintiff requests that this Court declare and adjudicate the parties' respective rights with respect to the plaintiff's lawful practices, including the application of Section 230 of the CDA.

**PRAYER FOR RELIEF**

WHEREFORE, Opinion Corp. prays for judgment against defendant Roca Labs as follows:

1. For a declaration that plaintiff's use of the various trademarks and alleged trademarks associated with the defendant as set forth herein and in the attachments hereto does not infringe any trademark or other right held by the defendant;
2. For a declaration that plaintiff's use of the various works in which copyright is alleged to be owned by the defendant as set forth herein does not infringe any copyright or other right held by any defendant;
3. For a declaration that plaintiff's conduct as set forth herein and in the attachments hereto does not constitute false or misleading advertising;
4. For a declaration that defendant take nothing from plaintiff in respect of its threatened claims;
5. For other remedies provided by statute and other applicable law;
6. For reasonable attorneys' fees and costs; and

7. Such other legal and equitable relief as the Court deems appropriate.

        GOETZ FITZPATRICK LLP

By: _____
    RONALD D. COLEMAN (RC 3875)

Joel G. MacMull (JM 8239)
One Penn Plaza—Suite 3100
New York, New York 10119
(212) 695-8100
rcoleman@goetzfitz.com
jmacmull@goetzfitz.com
*Attorneys for Plaintiff*
*Opinion Corp.*

Dated: August 12, 2014