UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
OPINION CORP.

                              Plaintiff,

        - vs -                                          Docket No.  14 CV 6396 (LGS)

ROCA LABS, INC., & ROCA LABS
NUTRACEUTICALS USA, INC.

                              Defendant.
-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT**

                                        Respectfully submitted,

                                        **Marc Elefant, PC**
                                        *Attorneys for Defendant*
                                        1931 Mott Ave., Suite 417
                                        Far Rockaway, NY 11691
                                        (718) 471-2220

By:     Shawn Wallach
        *On the Brief*

<u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................ 1

**ARGUMENT** ....................................................................................................................... 4
I.  THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE
DEFENDANTS AS THIS MATTER DOES NOT ARISE OUT OF A TRANSACTION
WITHIN THE STATE OF NEW YORK AND THE DEFENDANTS HAVE NO
 OTHER CONTACTS WITHIN THE STATE TO CONFER JURISDICTION............................4

II.  THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION
OVER THIS MATTER AS THE COURT'S JURISDICTION UNDER THE
DECLARATORY JUDGMENT ACT IS DISCRETIONARY AND WHERE
THERE IS NO ACTUAL CONTROVERSY THE COURT SHOULD NOT TO
ADJUDICATE THE MATTER....................................................................................................8

III.  THIS COURT IS NOT THE PROPER VENUE FOR THIS ACTION
AS THE ANTICIPATORY LITIGATION EXCEPTION TO THE FIRST
TO FILE RULE APPLIES AND THEREFORE THIS MATTER MUST BE
DISMISSED .............................................................................................................................10

CONCLUSION...................................................................................................................... 13

TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239-40, 57 S. Ct. 461, 463, 81 L. Ed. 617 (1937)*..9
*Agency Rent-A-Car Sys., Inc. v. Grand Rent a Car Corp., 98 F.3d 25, 29 (2d Cir.1996)*................................6
*Aquascutum of London, Inc. v. S. S. Am. Champion, 491, 1970 WL 31672 (2d Cir.)*.....................................5
*Beacon Enterprises, Inc. v Menzies, 715 F2d 757, 762-63 (2d Cir 1983)*...............................................5,7
*Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942)*.........................8
*Delagi v. Volkswagenwerk A.G. of Wolfsburg, Germany, 278 N.E.2d 895, 898 (1972)*........................................4
*DiStefano v. Carozzi North Am., Inc., 286 F.3d 81, 84 (2d Cir.2001)*......................................................4
*Fairchild v. Hughes, 258 U.S. 126, 129, 42 S.Ct. 274, 275, 66 L.Ed. 499*.................................................9
*Fort Knox Music, Inc. v. Baptiste, 2001 WL 396429 (S.D.N.Y)* ...........................................................7
*Hammett v. Warner Bros. Pictures, 176 F.2d 145 (2d Cir. 1949)* ........................................................10
*Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir.1985)*................................................3
*Holey Soles Holdings, Ltd. v Foam Creations, Inc., 2006 WL 1147963 (SDNY May 1, 2006)*...........................3,6
*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir.1990)*...............................4
*Loria & Weinhaus, Inc. v. H.R. Kaminsky & Sons, Inc., 495 F.Supp. 253, 257 (S.D.N.Y.1980)*...............................5
*Massachusetts v. Mellon, 262 U.S. 447, 487, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078*......................................9
*McGowan v. Smith, 52 N.Y.2d 268, 271 (1981)* ........................................................................6
*Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp., 616 F. Supp. 114, 118 (S.D.N.Y. 1984)* ...............................11
*Ontel Products, Inc. v. Project Strategies Corp, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995)* ................................11
*Parsons v. Kal Kan Food, Inc., 2009, 68 A.D.3d 1501, 1502, 892 N.Y.S.2d 246, 247 (3d Dep't)*...........................4
*Rodriguez v. Circus Circus Casinos, Inc., 2001 WL 21244 (S.D.N.Y.2001)*................................................4
*South Spring Gold Co. v. Amador Gold Co., 145 U.S. 300, 301, 12 S.Ct. 921, 36 L.Ed. 712*...................................9
*United States v. Alaska S.S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808*......................................9

**Statutes**

*28 U.S.C. § 2201(a)* .................................................................................................8
*FRCP 4(e)* ..........................................................................................................7
*NY CPLR §302*......................................................................................................5

## PRELIMINARY STATEMENT

This is a declaratory judgment action filed by Opinion Corp., admittedly the owner of the owner of the gripe website pissedconsumer.com.  *See* Exhibit A, Complaint Para. 6.  Defendant Roca Labs ("Roca") is a Florida corporation with its principal place of business in Sarasota, Florida.  Through its website Roca markets and sells a dietary supplement that is an effective option for people trying to lose 50 or more pounds.

It is Defendant's contention that the manner in which pissedconsumer.com markets itself and conducts its business is in violation of a variety of Florida statutes and common law.  On or about August 4, 2014 Roca, through its counsel, wrote a letter to Opinion and its President demanding that these violations be addressed.  Roca was contacted by counsel for Opinion, Marc Randazza, Esq., and had an apparent fruitful discussion about Roca's beliefs and that conversation was memorialized in a letter dated August 7, 2014.  No legal action was filed at that time as it appeared the parties were both open to meaningful discussions.

Just five days later, while negotiations were presumably underway, the instant action was filed without any further communication or contact from the Plaintiff against Defendant Roca Labs, Inc.  An initial Motion to Dismiss was interposed by Defendant based, *inter alia*, on this Court's lack of personal jurisdiction.  Thereafter, an Amended Complaint was filed against Roca Labs, Inc. and Roca Labs Nutraceuticals USA Inc. ("RLN"), hereinafter collectively referred to as Roca.

Defendants now make this Motion to Dismiss pursuant to FRCP 12 (b) as:

- Defendant Roca is not subject to the jurisdiction of this Court as New York's general jurisdiction, nor its long arm statute, confer jurisdiction in this matter

- This Court lacks subject matter jurisdiction as the is no actual controversy giving rise to

jurisdiction

- Venue in this matter is improper as it was filed merely in anticipation of litigation, albeit a misguided belief as to the subject of the litigation

Statements made in the Amended Complaint allegedly giving rise to jurisdiction and venue are wholly conclusory and have no basis in fact.  Regardless, even if true this Court still does not have personal jurisdiction over the Defendants.

Plaintiff states "[p]ersonal jurisdiction over the defendants is vested in this Court because they are doing business in the State of New York or otherwise have engaged in acts and conduct purposefully directed towards the plaintiff, a New York company whose principal place of business is in the State of New York."  Amended Complaint Para. 6.  This statement is false and made only to form a basis for jurisdiction where none exists.  The remainder of the Complaint is devoid of any statement substantiating this bald allegation.  The lone contacts Roca has with this State is that it mails products to consumers who purchase their product online and sent a cease and desist letter to the Plaintiff—neither giving rise to personal jurisdiction.

This Court should further question the statement in Paragraph 5 of the Amended Complaint that states "[o]n information and belief, in engaging in the tortious conduct described below...."  This is not an action in tort and this statement has no place in this Complaint or in this matter.  Defendant will not even waste further judicial resources arguing whether or not tortious conduct has taken place--regardless it was not directed towards this Plaintiff and this instant matter is not in tort but for declaratory judgment.  The utter disregard of the laws of this State to attempt to form a basis for jurisdiction is frustrating to say the least.

Following in this vein, venue in this Court is improper as if the Court does not have personal jurisdiction over the Defendants, venue anywhere in this State is improper.  Not only is

this the improper venue due to the failure to comply with 28 USC § 1391, venue is also improper as the first to file rule should not be filed in this matter as the only reason this action was commenced was in anticipation of litigation by Roca (albeit for reasons misunderstood by the Plaintiff).

As set forth more fully below, plaintiff's jurisdictional and venue claims are predicated on a misapplication of New York law, and are therefore ripe for dismissal.

And it bears mentioning an additional time that the parties to this action have zero, absolutely no business or contractual relationship other than a cease and desist letter from Roca to Plaintiff just days before this action was commenced.

<u>**ARGUMENT**</u>

**I.  THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANTS AS THIS MATTER DOES NOT ARISE OUT OF A TRANSACTION WITHIN THE STATE OF NEW YORK AND THE DEFENDANTS HAVE NO OTHER CONTACTS WITHIN THE STATE TO CONFER JURISDICTION**

As a threshold matter, in actions such as this, the Court must apply the law of the forum state – which in this case is New York – to determine questions of personal jurisdiction. *DiStefano v. Carozzi North Am., Inc*., 286 F.3d 81, 84 (2d Cir. 2001); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). Accordingly, for these purposes, the Court is directed to NY CPLR §§301 and 302.

Clearly there is no basis for general jurisdiction under CPLR § 301 as Roca was not "doing business" in New York.  *See McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645 (1981). A foreign defendant is "doing business" in New York if it is engaged in "continuous, permanent, and substantial activity in New York."*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir.1990).  Courts have repeatedly held that out-of-state defendant's maintenance of a website accessible to potential customers in New York standing alone, is "mere solicitation." *Parsons v. Kal Kan Food, Inc.*, 2009, 68 A.D.3d 1501, 1502, 892 N.Y.S.2d 246, 247 (3d Dep't). *See also Rodriguez v. Circus Casinos, Inc*., 2001 WL 21244 (S.D.N.Y.2001).

As this Court correctly stated in the past, "[i]f such a website gave rise to general jurisdiction, then millions of retailers located throughout the globe could be hauled into New York courts for any claim brought against them by any party; such a finding would contravene the purposefully narrow reach and long-standing stringent application of C.P.L.R. § 301."  *Holey Soles Holdings, Ltd. v Foam Creations, Inc.*, 2006 WL 1147963 (SDNY May 1, 2006).

4

In a case with indistinguishable facts to this case, the Second Circuit found that this Court did not have personal jurisdiction over the out of state defendant. The Court stated "there is no evidence that [the defendant] has ever physically appeared in New York to conduct business. The only contacts by [the defendant] with New York set forth in the record are (1) her "cease and desist" letter to [plaintiff], and (2) an unspecified number of mail order sales of her products in New York. These contacts are insufficient to satisfy section 301's 'doing business' test. The shipment of goods into New York does not *ipso facto* constitute 'doing business.'" *Beacon Enterprises, Inc. v Menzies*, 715 F2d 757, 762-63 (2d Cir 1983) *citing Loria & Weinhaus, Inc. v. H.R. Kaminsky & Sons, Inc.,* 495 F.Supp. 253, 257 (S.D.N.Y.1980). No argument can be made that New York has general jurisdiction of Defendant Roca.

New York Court's adhere to the solicitation-plus rule, that is, solicitation alone is not enough to confer jurisdiction over an unrelated cause of action. There must be some further activity within the State to subject a defendant to jurisdiction. In *Aquascutum of London, Inc. v. S. S. Am. Champion*, 491, 1970 WL 31672 (2d Cir.) even finding that once there is solicitation it is not difficult to find something additional to give the Court jurisdiction, the Court, in denying jurisdiction, states "all the cases we have discovered which find personal jurisdiction under the 'solicitation-plus' rubric have involved either some financial or commercial dealings in New York . . . ." *Id*. (citations omitted). Other than selling its product to New York consumers Roca has no connection to this State. "[M]ere sales of a manufacturer's product in New York, however substantial, have never made the foreign corporation manufacturer amenable to suit in this jurisdiction." *Delagi v. Volkswagenwerk A.G. of Wolfsburg, Germany*, 278 N.E.2d 895, 898 (1972). Under CPLR §301 Roca is not subject to the jurisdiction of this Court in this action.

Just as there is no general jurisdiction over Roca, New York's long-arm statute does not confer jurisdiction over Roca in this matter.  New York's long arm statutes, CPLR § 302 states:

> (a) Acts which are the basis of jurisdiction. As to a cause of action **arising from any of the acts enumerated in this section**, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

> (emphasis added)

By definition subsections 2-4 do not apply as they refer to tortious conduct which is not alleged in the Complaint, nor does it own real estate.  For CPLR § 302(1) to apply it must be shown first that the defendants transacted business within New York <u>and</u> that the claim arises from that transaction. *See Agency Rent-A-Car Sys., Inc. v. Grand Rent a Car Corp.,* 98 F.3d 25, 29 (2d Cir.1996).

Not only does this section not apply because New York Courts have held that the mere shipping of products into the State alone is not enough to give rise to jurisdiction, the long arm statute requires the cause of action to be related to the business transactions within the State. This simply is not found in this action as the parties have had no past dealings.

Over 30 years ago, New York's Court of Appeals held that a defendant is not subject to

New York personal jurisdiction if his only connection with New York is entering a contract to ship goods to New York. *McGowan v. Smith*, 52 N.Y.2d 268, 271 (1981) ("the long-arm authority conferred by [the transaction category] does not extend to nondomiciliaries who merely ship goods into the State without ever crossing its borders").

In *Beacon*, *supra*, the Court held "on the present record, we conclude that [defendant's] shipment of goods into New York is not sufficiently related to [Plaintiff's] cause of action and that [defendant's] "cease and desist" letter does not constitute a "transaction of business" within New York sufficient to support the exercise of section 302(a)(1) long-arm jurisdiction." *Beacon*, *supra*, at 766.

This Court followed the *Beacon* decision in another case with very similar facts to the case at bar. In *Holey Soles Holdings, Ltd., v. Foam Creations, Inc., and Crocs, Inc.,* 2006 WL 1147963, the Court stated "[t]he case law is clear that in the Second Circuit an action seeking a declaration of non-infringement for copyright and trademark does not arise out of the sale of goods or other contacts with the defendant's retailers, but out of the sending of a cease-and-desist letter. The cease-and-desist letter sent by Crocs . . . did not assert any rights under New York law or allege that any infringement was taking place in New York . . . Thus, this court does not have personal jurisdiction over Crocs and Foam." *Id.*

In *Fort Knox Music, Inc. v. Baptiste*, 2001 WL 396429 (S.D.N.Y.) this Court held:

> [t]he Second Circuit has been clear that a cease and desist letter alone is insufficient to confer jurisdiction under section 302(a)(1). Rather, 'it is essential in each case that there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities in the forum state thus invoking the benefits and protections of its laws.' *Beacon*, 715 F.2d at 766. In particular, '[i]t is difficult to characterize [a] letter alleging infringement in an unspecified locale and threatening litigation in an unspecified forum as an activity invoking the 'benefits and protections' of New York law.'

The holdings in *Beacon*, *Holey* and *Fort Knox* could not be clearer.  This Court does not have personal jurisdiction over the Defendant Roca in this matter.

## II.  THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS MATTER AS THE COURT'S JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT IS DISCRETIONARY AND WHERE THERE IS NO ACTUAL CONTROVERSY THE COURT SHOULD NOT TO ADJUDICATE THE MATTER

As outlined above Defendant believes this Court does not have personal jurisdiction over the Defendant and as such the matter should be dismissed and the Courts inquiry should end. However, even should the Court find some reason to decline to follow the Second Circuit, Plaintiff respectfully argues that this Court does not have Subject Matter Jurisdiction as well.

The Declaratory Judgment Act does not require that this Court exercise jurisdiction in this matter.  It specifically states that jurisdiction is discretionary and it is up to the Court whether to adjudicate the case.  It provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).  The Supreme Court interpreted this language to be discretionary in *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942), stating "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act . . .  it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court.  *Id*. at 494.

Factors considered when determining whether to exercise discretion should be principles of equity, whether there is an actual controversy and public policy.  The Supreme Court has held the Declaratory Judgment Act to be limited to "cases of actual controversy." *Aetna Life Ins. Co.*

*of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40, 57 S. Ct. 461, 463, 81 L. Ed. 617 (1937). "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot."  *Id. citing United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808.  "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Id. citing South Spring Gold Co. v. Amador Gold Co.*, 145 U.S. 300, 301, 12 S.Ct. 921, 36 L.Ed. 712; *Fairchild v. Hughes*, 258 U.S. 126, 129, 42 S.Ct. 274, 275, 66 L.Ed. 499; *Massachusetts v. Mellon*, 262 U.S. 447, 487, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078. "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *Id.*

Applying this law to the present facts, this Court should choose not to exercise jurisdiction over this matter.  There is absolutely no actual controversy between these parties with regard to the use of the trademarked material.  Rather the controversy is found in the Plaintiff's violation of Florida statute and common law and is properly heard in Florida State Court, as the annexed Complaint filed in State Court illustrates.[1]

Furthermore, there is a very strong public policy against the Court entertaining this matter.  Through its own admission pissedconsumer.com is a gripe site.  Thousands of business are listed on the website and the Plaintiff's revenue stream comes directly from using company names and likeness on its site.  If this Court permits grants jurisdiction in this matter there is absolutely nothing stopping this Plaintiff or other similar websites from filing an endless barrage

---

[1] The State Court action was removed by the Defendant (Plaintiff in this action) to Federal Court on or about August 27, 2014.
[2] It should also be noted that on September 2, 2014 in a conversation with Mr. Randazza he stated he did not believe Roca was interested in negotiating and was only "jerking me around so you had time to file your case."  So although Roca was under the belief that the issues might be resolved and was working towards that, the suggestion that we keep talking was only so Opinion Corp. could file the instant matter.  This is the textbook definition of anticipatory filing and as such the first to file rule should not

of actions under the Declaratory Judgment Act and forcing large and small businesses alike to retain counsel to protect their interests in this jurisdiction in which they have no connection.  The slippery slope this ruling could lead to could have a chilling effect on all businesses in this country.  Roca chose to retain counsel to vehemently fight this matter.  The same cannot be said for other businesses that could lose their rights on default.  When the Supreme Court created the actual controversy rule it was to prohibit actions such as this one.  As such, this Court should not exercise jurisdiction over this matter.

## III.   THIS COURT IS NOT THE PROPER VENUE FOR THIS ACTION AS THE ANTICIPATORY LITIGATION EXCEPTION TO THE FIRST TO FILE RULE APPLIES AND THEREFORE THIS MATTER MUST BE DISMISSED

Defendant's above arguments should render this point moot as this case should be dismissed on jurisdictional grounds, however the Court should recognize that even if the above arguments are not heeded, venue is not proper as Plaintiff chose this venue in anticipation of a filing in Florida.  By its own admission Opinion Corp. was contacted by Roca with demands to remove the complaints from its website.  Roca was then contacted by Marc Randazza, Esq. with regard to its letter and talks were to begin in an effort to settle the dispute.  Then without notice or warning, under the guise of wanting to resolve the issues, the instant action was filed in New York.[2]

Federal courts will apply the anticipatory suit exception when they determine that the criteria for the exception have been met.  "A general rule for determining priorities as between pending actions on the basis of dates of filing has been stated in some of the cases, but it has

---

[2] It should also be noted that on September 2, 2014 in a conversation with Mr. Randazza he stated he did not believe Roca was interested in negotiating and was only "jerking me around so you had time to file your case."  So although Roca was under the belief that the issues might be resolved and was working towards that, the suggestion that we keep talking was only so Opinion Corp. could file the instant matter.  This is the textbook definition of anticipatory filing and as such the first to file rule should not apply.

been recognized that this rule is not to be applied in a mechanical way regardless of other considerations." *Hammett v. Warner Bros. Pictures*, 176 F.2d 145 (2d Cir. 1949). In *Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp.*, 616 F. Supp. 114, 118 (S.D.N.Y. 1984) this Court stated:

> It is clear that in our circuit the "first filed" rule "is not to be applied in a mechanical way regardless of other considerations." And the Supreme Court has observed that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems" but is left to the sound discretion of trial judges. In the instant situation where each side, after a breakdown in settlement negotiations, engages in a race to the courthouse to achieve "first filed" status, the courts should be concerned with what the interests of justice require and not with who won the race.

Following this rule, the proper venue for this matter would be in the Middle District of Florida, where the related action between the parties is located. Movant notes that the actions do not seek the same relief and while the two actions could be heard separately, in the interests of the litigants and judicial economy they should be heard together.

The purpose of the anticipatory suit exception is to discourage unfair suits filed solely to frustrate settlement discussions. As stated by the Court in *Ontel Products, Inc. v. Project Strategies Corp*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995): "Where a party is prepared to file a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit." This language should resonate with the Court in this matter. Within days of opening settlement discussions, Plaintiff knowingly and without warning filed the instant action. Had the door to negotiations not been opened the Florida action would have been filed first.

11

Two considerable policy rationales support the Defendant's position here. Roca would have been the Plaintiff in this action and commenced suit in Florida.  It should not lose its traditional choice of forum because Opinion anticipated the impending suit and preemptively struck by filing suit first in a different court.  Second, if the Court permit this action to proceed in the current venue, the message will be heard that parties should not make any overture to resolve a conflict for fear of losing out in its choice of venue.  This will lead to lawsuits being filed, some of which can be resolved pre-litigation. The anticipatory suit exception encourages would-be plaintiffs to attempt settlement talks in good faith, even at an early stage where the complaint has already been drafted but not filed, without fear that the settlement efforts will be punished by the filing of an anticipatory suit.  This blatant forum shopping should not be permitted.

## CONCLUSION

As clearly stated above this Court does not have personal jurisdiction over the Defendants.  But even putting aside the jurisdictional issues, this Court should have no reason to exercise jurisdiction over this matter.  Plaintiff is a third party with absolutely no relationship to the contracts Defendants have with their customers.  The Sixth Cause of Action challenges the validity of the private contract that Roca enters into with its customers.  It bears no interest to the Plaintiff.  Hearing this matter will open the floodgates to litigation, the sky is the limit for Opinion Corp. to stick their proverbial nose into every private contract between two parties for whatever reason.  As for the Fifth Cause of Action seeking a declaration that the two Defendants are Alter Egos, the Court must stop and ask itself why its time and resources would be spent adjudicating this matter.  What purpose does it serve and how is this a controversy between the two parties to this suit to fall under the Declaratory Judgment Act?  Though valid, these questions are just rhetoric as this matter must be dismissed for lack of Personal Jurisdiction.  If Plaintiff wants its day in Court to hear this request for Declaratory Relief in which it has no interest, it will have to travel to the proper forum to do so.

Finally, taken directly from the Plaintiff's website, is a plea to the public to donate money to assist in paying legal bills to fight Roca.  Rather than prey on the public for funding, the more novel idea would be for this Court to dismiss this action and for Plaintiff to stop incurring unnecessary legal costs for actions where there is no controversy.  *See* Exhibit G.  Incidentally, it states that that Roca first sued Opinion Corp.  If taken as an admission the instant matter should be transferred to Florida under the first to file rule.  And if not true Opinion Corp. should strongly consider clarifying to avoid committing a fraud on would-be donors.

For all the foregoing reasons, defendants respectfully request an order dismissing the complaint in its entirety, with prejudice.

Dated: Far Rockaway, New York
      October 14, 2014

**Marc Elefant, PC**
*Attorneys for Defendant*


By:    /s Shawn J. Wallach_____
        Shawn J. Wallach, Esq. (5611)
        wallachshawn@gmail.com

14