

Joel G. MacMull
Ext. 339
jmacmull@goetzfitz.com

October 20, 2014

**VIA ECF**

Hon. Lorna G. Schofield
United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

      Re:      **Opinion Corp. et al. v. Roca Labs, Inc. et al.**
                **Case No. 14-cv-6396 (LGS)**_____

Dear Judge Schofield:

      We represent plaintiff in the above-captioned matter. We write to the Court now in anticipation of the parties' initial pretrial conference and in search of some additional guidance arising from defendants' filing of their "Second Motion to Dismiss for Lack of Jurisdiction" on October 16, 2014. (Dkt. Nos. 18-20.)

      As an initial matter, in filing their motion to dismiss plaintiff's Amended Complaint defendants have failed to comply with the pre-motion letter requirement pursuant to § III.A(3) of Your Honor's Individual Rules and Procedures for Civil Cases ("Rules").

      Evidentially, defendants construe § III.C(2) as dispensing with the need for a pre-motion letter, for which we can conceive of no basis for doing so. Moreover, this is not the first time that defendants have failed to follow Your Honor's Rules in this case. (A copy of plaintiff's letter dated September 8, 2014 explaining defendant's prior missteps is attached hereto as Exhibit A.)

      Substantively, we respectfully submit that defendants' motion is meritless. Defendants' argument that plaintiff has no personal jurisdiction over defendants where plaintiff's Amended Complaint unequivocally alleges that (i) defendants have engaged in conduct purposely directed toward plaintiff whose principal place of business is in New York state; and (ii) such conduct directly violates New York law and policy is, to put it mildly, entirely unpersuasive. The New York Court of Appeals has held that whether a defendant "transacted business" in New York is a fact-intensive inquiry into whether the defendant has "purposefully availed itself of the New York forum" and requires courts to closely examine the defendant's contacts for their quality. *See Centrifugal Force, Inc. v. Softnet Commun., Inc.*, Case No. 08–cv–5463, 2009 WL 1059647, at \*3–4, (S.D.N.Y. Apr. 17, 2009) (noting that purposeful activities are those in which a defendant, through volitional acts, avails itself of the privilege of conducting activities in the forum state); *Parke–Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 16, 308 N.Y.S.2d 337 (1970) (noting the intent of the legislature to extend jurisdiction to nonresidents who have engaged in

55 Harristown Rd., Glen Rock, NJ 07452 | 201-612-4444 (F) 201-612-4455
7600 Jericho Tpke., #403, Woodbury, NY 11797 | 516-877-9666 (F) 516-877-7743
One North Broadway, Suite 800, White Plains, NY 10601 | 914-946-7735 (F) 914- 946-0098

 GOETZ FITZPATRICK LLP

Hon. Lorna G. Schofield
October 20, 2014
Page 2 of 2

purposeful activity in New York). Meritless too is defendants' argument that subject matter jurisdiction is lacking here because, it their words, "[t]here is absolutely no actual controversy between these parties with regard to the use of trademarked material." (Dkt. No. 20 at 9.) Defendants' argument is belied by Roca Labs, Inc.'s ("Roca Labs") August 7, 2014 letter which led plaintiff to file this action in the first place, in which Roca Labs asserts copyright and trademark rights in matter appearing on plaintiff's website and further demands $100,000 "to cover past expenses and future monitoring." (A copy of Roca Labs' letter to plaintiff dated August 7, 2014 is attached hereto as Exhibit B.)

Given the utterly meritless thrust of defendants' motion, as well as their repeated failure to comply with Your Honor's Rules, plaintiff remains hard pressed to understand why the motion should be permitted to proceed at all. With the parties' scheduled to appear before the Court this coming Wednesday, we hope to be able to discuss the purported merits of plaintiff's motion.

We thank the Court in advance for its continued attention to this matter.

> Respectfully submitted,
> GOETZ FITZPATRICK
>
> Joel G. MacMull

cc: All Counsel of Record (*via email only*)