GF LLP GOETZ FITZPATRICK LLP
Attorneys at Law www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Joel G. MacMull
Ext. 339
jmacmull@goetzfitz.com

November 17, 2014

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

**Re: Opinion Corp. et al. v. Roca Labs, Inc. et al.**
**Case No. 14-cv-6396 (LGS)**

Dear Judge Schofield:

We represent plaintiff in the above-captioned matter. We write to the Court seeking guidance in view of recent actions taken by defendant Roca Labs, Inc. ("Roca Labs") related to this matter.

**Background**

On November 3, 2014, plaintiff learned for the first time that Roca Labs had transmitted a "takedown notice" pursuant to 17 U.S.C § 512(c) of the Digital Millennium Copyright Act ("DMCA") to Google, Inc. ("Google") in which Roca Labs seeks the removal from Google's search results of allegedly infringing material from plaintiff's website PissedConsumer.com. (The Court will recall that the website PissedConsumer.com lies at the center of this litigation.)

The October 29, 2014 takedown notice sets forth the following predicate:

> DESCRIPTION The thumbnail image of Roca Labs copyrighted website that can be seen at the URL below. This thumbnail also contains the image of Roca Lab's product that was photographed by Roca Labs and all copyrights are owned by Roca Labs (original studio image is not online). Furthermore, PissedConsumer.com directly uses the name Roca Labs which is a Registered trademarked property (US Registration No. 4145897). To be more specific, pissedconsumer.com uses our company name in the URL and pages.
>
> ORIGINAL URLS:
> http://old.rocalabs.com/answers/ask-the-doctor/faq/what-is-gastric-bypass-no-surgery/
>
> ALLEGEDLY INFRINGING URLS:

 http://roca-labs.pissedconsumer.com/?order=top
http://roca-labs.pissedconsumer.com/product/roca-labs.htm
http://roca-labs.pissedconsumer.com/

(A copy of the foregoing notice in the form in which plaintiff discovered it is attached hereto as Exhibit 1.)

This notice is meritless as a matter of law, and as such constituted a violation of the DMCA itself. Moreover, it is only the latest in a series of vexatious acts Roca Labs has engaged in in recent weeks to seek advantage in its dispute with plaintiff.[1]

For present purposes, however, this action by Roca Labs bears on its pending motion, which is premised on this Court's supposed lack of personal jurisdiction over it. (Dkt. No. 20 at 4). In fact, as recently recognized in *Tuteur v. Crosley-Corcoran*, 961 F. Supp. 2d 333, 335 (D. Mass. 2013), "[b]y wrongfully serving a takedown notice pursuant to 17 U.S.C. § 512(c)(3) of the Digital Millennium Copyright Act on plaintiff … [defendant] purposefully and voluntarily directed [its] activities toward the forum so that [it] should have expected, by virtue of the benefit [it] received, to be subject to [this] court's jurisdiction based on these contacts." This is important here for at least two reasons.

First, Roca Lab's recent DMCA filing is obviously fatal to defendants' current motion to dismiss plaintiff's Amended Complaint on grounds this Court lacks personal jurisdiction over these defendants. Section 512(f) of the DMCA provides that a person who "knowingly materially misrepresents under [Section 512]—(1) that material or activity is infringing ... shall be liable for any damages ... incurred by the alleged infringer ... who is injured by such misrepresentation, as a result of the service provider relying on such misrepresentation in removing or disabling access to the material or activity claimed to be infringing." 17 U.S.C. § 512(f). Plaintiff has requested that defendants withdraw their current motion to dismiss in light of this recent filing; however, defendants have refused to do so. (A copy of the parties' email correspondence from November 12, 2014 on this issue is attached hereto as Exhibit 3.)

Second, Congress has provided a remedy under Section 512(f) for abuse of the DMCA where it can be demonstrated that a defendant "had some actual knowledge that its [t]akedown [n]otice contained a material misrepresentation." *Lenz v. Universal Music Corp*., 2013 WL 271673, at *6 (N.D.Cal. Jan. 24, 2013) ("*Lenz II*"). That is, "a copyright owner must make at least an initial assessment as to whether the fair use doctrine applies to the use in question in order to make a good faith representation that the use is not 'authorized by law.'" *Id.*

---

[1] Roca Labs' attempt to obtain a preliminary injunction against plaintiff in the Middle District of Florida was denied on October 28, 2014. (*See* Dkt. No. 43 in *Roca Labs, Inc. v. Consumer Opinion Corp., et al*., 14-cv-2096-T-33(EAJ).) Following the court's order, Roca Labs in turn sued plaintiff's Florida-based counsel, Marc Randazza, in Florida state court alleging tortious interference with prospective economic relationships, defamation *per se*, and for declaratory relief. (A copy of Roca Labs' complaint against Mr. Randazza is attached hereto as Exhibit 2.)

 GF
LLP
GOETZ FITZPATRICK LLP

Here, plaintiff is entitled to, and, if the procedural posture of the case were otherwise would, assert an additional claim against Roca Labs under Section 512(f) directly arising from Roca Labs' recent conduct. This proposed claim, which closely tracks plaintiff's Second Cause of Action for a Declaratory Judgment of Copyright Non-Infringement (Dkt. No. 12 ¶¶ 51-59), would include a demand for monetary damages (currently the Amended Complaint only seeks equitable relief). This proposed amendment to the pleadings would, in turn, directly affect the merits of defendants' current motion to dismiss, wherein defendants have argued, *inter alia*, that jurisdiction under the Declaratory Judgment Act is discretionary and that, in their words "[t]here is absolutely no actual controversy between these between these parties with regard to the use of trademarked material."[2] (Dkt. No. 20 at 9.)

While it is true that plaintiff has already availed itself of its one amendment of its complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), it did so **prior to** Roca Labs issuing a DMCA takedown notice that gives rise to plaintiff's additional anticipated claim. (Dkt. No. 12.) Plaintiff, however, writes to the Court now requesting the opportunity to amend its pleadings based on the foregoing. As Your Honor knows, amendment should be permitted unless the non-movant makes a showing of undue delay, bad faith, futility, repeated failures to cure specifically identified deficiencies, or "perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir.2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the impediments to amendment exists here.

The liberal amendment standard is particularly suited where its application would, as here, enable a party "to assert matters that were overlooked or were unknown ... at the time ... [of the] original complaint or answer." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 703 (2d Cir.1985). While "transactions or occurrences or events" that were not overlooked or unknown at the time of the original pleading but that "have happened since the date of the pleading sought to be supplemented" are more appropriately incorporated into a supplemental, rather than amended, pleading under Fed. R. Civ. P. 15(d), this distinction is "inconsequential given that the standards for permitting additional pleading under Rule 15(a) and Rule 15(d) are the same." *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F.Supp.2d 376, 388 (D. Conn. 2008).

As to determining what constitutes "prejudice," courts should be "most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). To analyze whether there is such an impediment, courts in this Circuit consider whether the

---

[2] Defendants' arguments on this score are truly incredible given the content of their own letters to plaintiff and which they have further submitted in support of their motion to dismiss. Despite defendants' apparent disavowal of a trademark dispute here, defendants' prior letters to plaintiff of August 4th and August 6, 2014 nevertheless speak of a purported trademark interest these defendants possess over plaintiff. (Dkt Nos. 19-3 and 19-4.) Also, as shown above, the assertion of a trademark interest vis-à-vis plaintiff is also consistent with the allegations set forth in Roca Labs' DMCA takedown notice, i.e., "PissedConsumer.com directly uses the name Roca Labs which is a Registered trademarked property (US Registration No. 4145897)." (*See* Exhibit 1.)

assertion of the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction …."*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, Case No. 08-cv-9116(PGG), 2009 WL 1357946, at *3 (S.D.N.Y. May 12, 2009). While additional litigation expenses may factor into a prejudice analysis, the fact that the non-movant will have to litigate the amendment does not by itself counsel against allowing the amendment. Thus, allegations that the non-movant "is prejudiced by the time, money, and effort expended defending a lawsuit do not arise to the [level of] substantial prejudice necessary to deny a proposed amendment." *Lehman Bros. Commercial Corp. v. Minmetals Int'l Non–Ferrous Metals Trading Co*., Case No. 94–cv–8301, 1996 WL 346426, at *3 (S.D.N.Y. June 25, 1996) (citations and internal quotations omitted).

No credible argument can be made here that defendants would suffer any prejudice from plaintiff's proposed amendment, let alone "substantial prejudice". This litigation remains in its infancy: No party has yet to serve any written discovery, which, pursuant to the Court's Scheduling Order of October 22, 2014, is not scheduled to occur until November 21, 2014. (Dkt. No. 22.) Moreover, the factual and legal interplay between plaintiff's current Second Cause of Action for non-infringement and its proposed amendment to add a Section 512(f) claim further dispels any suggestion of prejudice. In fact, both claims will predominantly rely on precisely the same discovery in establishing their *bona fides*.

Accordingly, and for all the foregoing reasons, plaintiff respectfully requests that (i) its current response date of November 19, 2014 to defendants' pending motion to dismiss (November 12, 2014 Minute Order) be adjourned; and (ii) it be permitted to file a Second Amended Complaint asserting a Section 512(f) claim to be filed within 10 (ten) days of the Court's order granting plaintiff leave to amend its Amended Complaint.

Naturally, should the Court wish to discuss the events described above in making a determination in connection with the foregoing requests, we are available at the Court's convenience.

We thank the Court in advance for its continued attention to this matter.

Respectfully submitted,
GOETZ FITZPATRICK

Joel G. MacMull

Encls.

cc: All Counsel of Record (*via email only*)