# MARC ELEFANT, P.C.
ATTORNEYS AT LAW
1931 MOTT AVENUE – SUITE 417
FAR ROCKAWAY, NY 11691
TEL: (718) 471-2220
FAX: (718) 989-9293

*Writer's direct: (908) 601-6550*

November 21, 2014

Hon. Lorna G. Schofield, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: ***Response to Plaintiff's Request to File a 2nd Amended Complaint***
      Opinion Corp. v. Roca Labs, Inc.
      <u>Case No.: 14-cv-6396 (LGS)</u>

Dear Judge Schofield:

Please accept this correspondence in reply to the Letter Motion filed by the Plaintiff requesting permission to file a Second Amended Complaint.  In brief, Defendant would object to any further amendments of the Complaint as despite the arguments set forth by the Plaintiff, the amendment would have no bearing on the lack of personal jurisdiction, and further, there is no cause of action under the DMCA as the takedown notice was denied by Google, without any action taken to negatively impact or cause harm to the Plaintiff.

First, in regard to Plaintiff's conclusion that the DMCA filing would all of a sudden end any dispute over jurisdiction, it should be noted that upon appearing in this action and advising that a Motion to Dismiss for lack of jurisdiction would be interposed, I was told by counsel I was wrong and that Defendant is subject to jurisdiction.  After the filing of the Amended Complaint counsel was certain I would not be re-filing the Motion to Dismiss and now again counsel again erroneously believes that the filing of a violation of the DMCA would give rise to jurisdiction over the Defendant.  And again, under New York law there is no personal jurisdiction over the Defendant.

Plaintiff cited one case out of Massachusetts that found jurisdiction over an out-of state defendant for filing a DMCA takedown notice against an in-state Plaintiff.  *See Tuteur v. Crosley-Corcoran*, 961 F.Supp. 2d 333.  One issue overlooked by Plaintiff is that this case applied Massachusetts's long-arm statute, which is broader than New York's.  New York's long-arm statute does not reach as far as the Due Process Clause of the Constitution, Massachusetts's

does.  In Massachusetts filing a cease and desist letter might make a person subject to the jurisdiction of that State, in New York it does not.

I would respectfully request that the Court closely examine the merits of the Motion to Dismiss before forcing an out-of-state Defendant to incur further costs involved in defending an action. Defendant has extended every courtesy to Plaintiff with regard to the scheduling of any opposition and extending it without question, but the Defendant should not have to bear any additional delay where jurisdiction is not present.  The memorandum in opposition filed by Plaintiff just states incorrect conclusions of New York law, in support of an erroneous argument, which will be further shown upon the filing of a memorandum in further support.

Further, and bearing directly on the proposed amendment, there is no cause of action under the DMCA.  As Mr. MacMull correctly cites, the language of the statute is clear that damages only arise when the ISP (here Google) actually acts on the notice and there is damage to the alleged infringer (here Plaintiff).  However, Google denied the request to remove the material (Exhibit 1) claimed to be infringed upon, and the matter was closed without any possible damage to the Plaintiff in this action.  There is simply no cause of action present requiring permission to amend the Amended Complaint.  Even should the Court expand New York's long-arm statute to give rise to jurisdiction in a similar situation, if the Complaint is amended a Motion to Dismiss the DMCA cause of action would interposed and when that matter is dismissed for failure to state a cause of action under Section 512, we would be exactly back in the position we are in right now, with no jurisdiction over the Defendant.

Thank you for your attention to this matter.  I look forward to discussing it further at the scheduled conference.

                    Respectfully submitted,

                    /s/ Shawn J. Wallach

                    Shawn J. Wallach

Cc:

<u>VIA ECF</u>
Goetz Fitzpatrick, LLP
One Penn Plaza
New York, NY 10119