

Joel G. MacMull
Ext. 339
jmacmull@goetzfitz.com

November 24, 2014

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

      Re:      **Opinion Corp. et al. v. Roca Labs, Inc. et al.**
                  **Case No. 14-cv-6396 (LGS)**

Dear Judge Schofield:

      We represent plaintiff in the above-captioned matter. We write to the Court now briefly in response to defendants' letter from last Friday, November 21, 2014. (Dkt. No. 29.)

      Without so much as citing to a single legal authority, defendants look to advance two separate legal arguments in opposition to plaintiff's request for leave to file a second amended complaint. They are: (1) defendants' service of a "takedown notice" pursuant to 17 U.S.C § 512(c) of the Digital Millennium Copyright Act ("DMCA") has no bearing on whether this Court has personal jurisdiction over defendants; and (2) plaintiff cannot as a matter of law make out a viable claim under § 512(f). Both of these arguments are without merit.

      First, the application of New York law establishing the Court's personal jurisdiction over defendants is adequately addressed in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint. (Dkt. No. 27.) But even assuming *arguendo* plaintiff's discussion of the law on these facts is lacking, plaintiff's inclusion of additional facts would, at a minimum, necessarily bear upon the Court's determination as to whether it possesses personal jurisdiction here. This is true regardless of whether plaintiff asserts an additional cause of action.

      Second, as for defendants' contention that plaintiff's proposed amendment under § 512(f) is unsupportable as a matter of law because Google took no adverse action against the subject URLs, this argument too is misplaced.

      To begin with, plaintiff continues to investigate what action, if any, was taken by Google between the date it received Roca Labs' takedown notice on October 29, 2014 and the date Google advised defendant that no additional action would be taken. And, to the extent defendants seek to diminish their conduct by referring to it as merely "filing a cease and desist letter" what happened here is of far greater significance. As plaintiff's opposition memorandum establishes,

 GOETZ FITZPATRICK LLP

Hon. Lorna G. Schofield, U.S.D.J.
November 24, 2014
Page 2 of 5

defendants sending of two cease and desist letters is adequate for this Court to exercise jurisdiction. However, in this circumstance, Roca Labs knowingly misused a federal statutory takedown provision, with automatic censorship triggers, in an effort to obtain an outcome explicitly denied by the United States District Court for the Middle District of Florida. (*See* Dkt. No. 43 in *Roca Labs, Inc. v. Consumer Opinion Corp., et al.*, 14-cv-2096-T-33 (EAJ).) In short, Roca Labs sought a preliminary injunction to remove all negative reviews of its product from plaintiff's website. When the Middle District of Florida ruled that Roca Labs lacked any justification to do so, Roca Labs reacted by filing a DMCA takedown notice.[1]

Lastly, defendants' riff on the law concerning the alleged availability of damages under § 512(f) is simply wrong. As the statute itself states, and as one District Court recently noted:

> Congress also provided a remedial scheme for users who are subject to abusive takedown notices. Under § 512(f), "[a]ny person who knowingly materially misrepresents under this section ... (1) that material or activity is infringing, **or** (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer.

*Curtis v. Shinsachi Pharm. Inc.*, Case No. 14-cv-00591 (ODW)(SS), 2014 WL 4425822, at *5 (C.D. Cal. Sept. 9, 2014) (internal citations and quotations omitted) (emphasis added). Thus, the statute does not require material be removed or disabled for a violation to occur, but is instead an alternative basis for recovery. A cause of action will lie under § 512(f), where, as plaintiff intends to allege here, defendants knew that the takedown notices contained false infringement allegations, but they filed them anyway, and these allegations resulted in harm. *See id.*; *TD Bank, N.A. v. Hill*, Case No. 12-cv-7188 (RBK)(JS), 2014 WL 413525, at *7 (D.N.J. Feb. 3, 2014). For pleading purposes, cognizable harm has been held to be sufficient where allegations existed that claimant incurred at least nominal actual damages in reviewing counter-notice procedures, sought assistance of counsel, and responded to a takedown notice after a copyright owner acted in bad faith and deliberate ignorance of fair use by issuing a takedown notice. *See Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1157 (N.D. Cal. 2008).

We thank the Court in advance for its continued attention to this matter and look forward to further explaining the basis of plaintiff's anticipated amendments tomorrow morning.

Respectfully submitted,
GOETZ FITZPATRICK

Joel G. MacMull

cc:   All Counsel of Record (*via email only*)

---

[1] This was not the **only** reaction – Roca Labs then filed a frivolous action against plaintiff's Florida counsel and against plaintiff's key witness in the Florida action.