UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
OPINION CORP.

                Plaintiff,

- vs -                                    Docket No.  14 CV 6396 (LGS)

ROCA LABS, INC. and ROCA LABS
NUTRACEUTICALS USA, INC.

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

                                                  Respectfully submitted,

                                                  **Marc Elefant, PC**
                                                  *Attorneys for Defendant*
                                                  1931 Mott Ave., Suite 417
                                                  Far Rockaway, NY 11691
                                                  (718) 471-2220

By:    Shawn Wallach
         *On the Brief*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. 2

PRELIMINARY STATEMENT ........................................................................................... 3

ARGUMENT.......................................................................................................................... 7

I. PLAINTIFF OFFERS NO RELEVANT CASELAW TO SUPPORT ITS CLAIM OF JURISDICTION OVER THE DEFENDANTS..................................................................7

A. Plaintiff misapplies the law on long-arm jurisdiction by failing to acknowledge that it only applies where the cause of action arises out of the transaction within the State......................................................................................................................10

B. Plaintiff's request for jurisdictional discovery should similarly be denied as the cases relied upon by the Plaintiff do not support discovery in this action...............12

II. THE DECLARATORY JUDGMENT ACT DOES NOT GIVE THIS COURT SUBJECT MATTER JURISDICTION OVER THIS MATTER....................................................13

CONCLUSION....................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**
*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40, 57 S. Ct. 461, 463, 81 L. Ed. 617(1937).12
*Beacon Enterprises, Inc. v Menses*, 715 F.2d 757, 762-63 (2d Cir 1983)....................................................................6
*Bensusan Rest. Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996) .................................................................................6
*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942).........................11
*Burchette v. Abercrombie & Fitch Stores, Inc.*, 2009 WL 856682, at 5 (S.D.N.Y. Mar. 30, 2009).............................10
*Catauro v. Goldome Bank for Sav.*, 189 A.D.2d 747, 748, 592 N.Y.S.2d 422 (2nd Dept. 1993)...................................9
*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010).......................................................................8
*Deutsche Bank Sec., Inc. v. Montana Bd. of Investments*, 7 N.Y.3d 65, 71, 850 N.E.2d 1140 (2006)..........................7
*Fischbarg v. Doucet*, 38 A.D.3d 270, 832 N.Y.S.2d 164 (App. Div.) aff'd, 9 N.Y.3d 375, 880 N.E.2d 22 (2007)..........8
*Holey Soles Holdings, Ltd. v Foam Creations, Inc.*, 2006 WL 1147963 (S.D.N.Y. May 1, 2006).................................6
*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)................................5
*McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645 (1981).......................................................................5
*Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 256 N.E.2d 506 (1970).........................................................8
*Parsons v. Kal Kan Food, Inc.*, 2009, 68 A.D.3d 1501, 1502, 892 N.Y.S.2d 246, 247 (3d Dep't)...............................6
*Rodriguez v. Circus Circus Casinos, Inc.*, 2001 WL 21244 (S.D.N.Y.2001)..................................................................6

**PRELIMINARY STATEMENT**

Defendants submit this memorandum in further support of their Motion to Dismiss for lack of personal jurisdiction, inappropriate venue and lack of subject matter jurisdiction. Rather than restate to the Court facts which are concisely laid out in the underlying motion, Defendants will simply address multiple misstatements or mischaracterizations of facts contained in the Plaintiff's memorandum of law in opposition to the Motion. These attempts to muddy the waters should fail and this Motion be granted by simply applying New York law to the facts of this case.

Initially, Plaintiff attempts to make this case about the deprivation of the rights of all New Yorkers (Plaintiff's Brief p. 1). This is absolutely untrue-- whether this Motion is granted or this Court retains jurisdiction has no bearing on the rights of any, much less all New Yorkers--and only for the benefit of the Plaintiff's website. This case is about a dispute between a single New Yorker, Plaintiff, and Florida defendants. The denial of this Motion would not be on the merits of the action, and it can be re-commenced in a proper jurisdiction, namely Florida, should Plaintiff wish to do so. Should Plaintiff prevail, in the proper jurisdiction, the New Yorkers who follow this website can still continue to receive its "full benefit."

Plaintiff repeatedly claims that the allegations of the Amended Complaint set forth the basis for personal jurisdiction. Defendants accept that for purposes of this Motion that this Court must accept all of those allegations as true. However, all of those allegations, when applied to New York law, not Federal law, not Florida law, but the law within this jurisdiction, do not give this Court personal jurisdiction over the out-of-state defendants, with no ties to this forum state other than a portion of their sales are to New York residents. There are no offices, no employees, and no visits to New York to conduct business. Unfortunately, it bears repeating for the sake of

the Plaintiff, that these sales and any business transaction within the State have nothing to do with the Declaratory Judgment action before this Court. What Plaintiff describes as "months" of "threatening" by the Defendants was actually a three <u>day</u> period in which a cease and desist letter was written (August 4, 2014), a conversation was had between the parties' counsel and a follow-up settlement letter was written by the Defendants (August 7, 2014). Two letters and a phone call in a period of three <u>days</u>, not months as alleged by the Plaintiff (Plaintiff's Brief p. 1).

In what can only be deemed as another attempt to mislead this Court, Plaintiff's opposition to this Motion on more than one occasion characterizes the cease and desist letter, and settlement letter, as extortion. However, the action before this Court is not for extortion, or any tortious conduct whatsoever. So it is utterly meaningless what Plaintiff chooses to call the letters, and no reason for Defendants to reply to such allegations except to say that if the elements of an intentional tortious act existed, they surely would have been claimed. However, since they do not and any cause of action for same would be subject to dismissal, Plaintiff cannot rely on them to make a basis for jurisdiction.

So the entire basis of jurisdiction over the Defendants is premised on the threat of litigation by the Defendants. By definition that is what a cease and desist letter is, and as already been shown, New York Courts do not deem a cease and desist letter the basis of jurisdiction. And the alternative, rather than writing a single letter, Defendants could have commenced suit in Florida. However, this is exactly what the Courts in this State hope to avoid as it would create, in many circumstances, unnecessary litigation where two parties could reach an amicable solution without litigation.

While Plaintiff carries on that Defendants conduct was "bullying" and "so over the top" (Plaintiff's Brief p. 4) the Court is respectfully reminded of what apparently cannot be

4

overstated--two letters and a phone conversation. In fact the second letter was written only at the behest of Plaintiff's counsel who suggested the Defendants submit a demand letter. So more accurately, the "bullying" was one letter, receiving a phone call from Plaintiff's counsel, and writing an additional letter at the request of Plaintiff's counsel. One can only surmise which one of those three made it "over the top."

Finally, Plaintiff deems it necessary to make it appear to this Court that this matter is about the First Amendment rights of New Yorkers, perhaps because it would lead this Court to erroneously conclude that this case is on behalf of all New Yorkers. The dealings with any individuals or terms of any contracts with its customers, some in New York, some in other jurisdictions both foreign and domestic, have zero bearing on this Motion. Not one customer is a party to this action, not one customer has sought to intervene in this matter. If a New York resident wishes to file a claim with this Court for a transaction with the Defendants, then absolutely this Court would have jurisdiction in this matter.

But such is not the case and unfortunately the Plaintiff who maintains a gripe site, as they call it, is not the purveyor of First Amendment freedoms of all New Yorkers. Nor are they the District Attorney, the Attorney General or any other governing body. Plaintiff states that the Defendant "brutishly" punishes those customers who breach the terms of the Agreement they entered into and cites to paragraphs 19-24 of their Amended Complaint (Plaintiff's Brief p. 5). In reviewing those paragraphs in conjunction with the brutish characterization explicitly alleged, one may expect to find stories of flogging, stoning or some other medieval punishment, but in reality Defendants simply state that the purchaser no longer receives the discounted price if the terms of the Agreement are violated.

While unfortunately the above allegations had to be addressed, they have no bearing on

this action.  Even if the terms of Defendants' Agreement are "brutish," even if they are "tantamount to an unconstitutional prior restraint of free speech by its customers," the Plaintiff in this action is not a customer.  Nor does this action seek any redress on behalf of its customers, or seek any relief for said alleged violations.  This action seeks declaratory relief for trademark and copyright use, a declaration that the two Defendants are alter egos and finally a Sixth Cause of Action seeking a declaration that the terms and conditions of the Agreement are unenforceable against the Plaintiff.  The latter of which may cause some confusion as there never was an Agreement between the parties and Plaintiff cannot create standing where none exists.

Plaintiff has succeeded in distracting from the only issue before the Court.  This case is not about Defendants' business practices, its "brutish" penalties or the quality of the product it sells.  It is about a Florida corporation being hauled into New York to defend an action for which this Court has no jurisdiction.

**ARGUMENT**

I.     **PLAINTIFF OFFERS NO RELEVANT CASELAW TO SUPPORT ITS CLAIM OF JURISDICTION OVER THE DEFENDANTS**

Plaintiff's opposition ignores the leading cases cited by Defendants in the Motion, and with good reason, they are directly on point and indistinguishable from the facts in this case. And the so-called "technical-sounding nonsense" that Plaintiff refers to presumably can only be the New York Courts interpretation of the State Constitution and laws on personal jurisdiction.

Not only does Plaintiff ignore the cases, but it is alleged Defendant's rely on "inapplicable or outmoded case law," yet Plaintiff makes no attempt to show how they are inapplicable or that they have been overturned by any other Court.  And while an attorney has a duty to zealously represent a client, the duty to the Court comes first.  In stating that the cases cited by Defendants have "thumbed their nose at the Southern District of New York," when the holdings in *Beacon*, *Holey* and *Fort Knox*, *infra*, the trifecta repeatedly relied upon in the Motion and directly on point with the facts in this case, all come from this District or the Second Circuit, Plaintiff is very close to, if not violating this duty.  The ignorance of the cases cited in the original Motion combined with the rhetoric spewed in opposition accusing Defendants of "thumb[ing] their nose" at this Court, should be a red flag to the Court that those cases might actually be directly on point in the case at bar.

So to recap the law on personal jurisdiction in New York, New York Court's adhere to the solicitation-plus rule, that is, solicitation alone is not enough to confer jurisdiction over an unrelated cause of action.  There must be some further activity within the State to subject a defendant to jurisdiction.  In this matter the allegations and relief requested are wholly unrelated

7

to the Defendant's sale of goods in New York, i.e. there is no business relationship between the parties whatsoever.

In order for a Defendant to be subject the general jurisdiction under CPLR § 301 it must be doing business in New York. *See McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645 (1981). A foreign defendant is "doing business" in New York if it is engaged in "continuous, permanent, and substantial activity in New York." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir. 1990). Courts have repeatedly held that out-of-state defendant's maintenance of a website accessible to potential customers in New York standing alone, is "mere solicitation." *Parsons v. Kal Kan Food, Inc.*, 68 A.D.3d 1501, 1502, 892 N.Y.S.2d 246, 247 (3d Dept. 2009). *See also Rodriguez v. Circus Circus Casinos, Inc.*, 2001 WL 21244 (S.D.N.Y. 2001).

As this Court correctly stated in the past, and cited in the original Motion, "[i]f such a website gave rise to general jurisdiction, then millions of retailers located throughout the globe could be hauled into New York courts for any claim brought against them by any party; such a finding would contravene the purposefully narrow reach and long-standing stringent application of C.P.L.R. § 301." *Holey Soles Holdings, Ltd. v Foam Creations, Inc.*, 2006 WL 1147963 (S.D.N.Y. May 1, 2006). Despite being good law in this State and directly on-point with the facts herein, Plaintiff completely ignores this in its opposition.

Moreover, Plaintiff ignored the holding in *Beacon Enterprises, Inc. v Menses*, 715 F.2d 757, 762-63 (2d Cir. 1983) which found, like in the case at bar, "there is no evidence that [the defendant] has ever physically appeared in New York to conduct business. The only contacts by [the defendant] with New York set forth in the record are (1) her "cease and desist" letter to [plaintiff], and (2) an unspecified number of mail order sales of her products in New York.

8

These contacts are insufficient to satisfy section 301's 'doing business' test.  The shipment of goods into New York does not *ipso facto* constitute 'doing business.'" *Beacon* at *762-63 citing Loria & Weinhaus, Inc. v. H.R. Kaminsky & Sons, Inc.,* 495 F.Supp. 253, 257 (S.D.N.Y.1980).

In fact, even cases cited by Plaintiff in support of its erroneous argument, if correctly applied to the facts of this case, would support the dismissal of the matter based upon the lack of personal jurisdiction.  In *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996), this Court granted the Motion to Dismiss as there was no jurisdiction over the out-of-state Defendant.  The Court found that maintaining a website that New Yorker's can access does not give rise to jurisdiction.  Plaintiff repeatedly harps on the fact that Defendants do not deny the allegations in the Amended Complaint.  First, for purposes of this Motion Defendants and the Court must accept the allegations as true, no matter how unfounded they may be.  Second, there is no need to dispute the fact that a cease and desist letter was sent to the Plaintiff as the Courts have repeatedly held that such a letter does not give rise to jurisdiction in this State.

When correctly applying the above cases to the facts before the Court, it is clear that general jurisdiction under CPLR § 301 is not present in this case.  Next, the only question that remains is whether the long-arm statute will apply.

Plaintiff's defiling of New York law continues in its discussion of CPLR 302(a)(1) (Plaintiff memo of law p. 7-8).  In fact, the recitation of the case law in support of its position is so grossly misstated a side-by-side comparison of Plaintiff's Memo and the actual case law is very much warranted.

Plaintiff states:

> 'one transaction,' or a 'single act,' in New York 'is sufficient to invoke [long-arm] jurisdiction, even though the defendant never enters New York. . . .

9

Plaintiff's Memo of Law p. 8 *citing Deutsche Bank Sec., Inc. v. Montana Bd. of Investments*, 7 N.Y.3d 65, 71, 850 N.E.2d 1140 (2006).

If relying solely on the Plaintiff's citation, this Court could be mislead into believing that there might be jurisdiction here.  However, when a critical citation ends with ". . ." curiosity would lead one to seek the remainder of the quotation.  Should this curiosity get the better of the reader, further delving into the case would reveal that ". . ." translates to:

> **so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.**

*Deutsche Bank, supra*, at 71. (emphasis added)

Once again, it bears repeating, the business transactions Defendants have with customers within this State have no relation to the matter before the Court.  There is no doubt as to why the Plaintiff left the remaining language out of its citation, it completely undermines its entire argument, and this Court should not tolerate same from the litigants.

### *A.  Plaintiff misapplies the law on long-arm jurisdiction by failing to acknowledge that it only applies where the cause of action arises out of the transaction within the State*

In addition to the intentional omission of critical law, every case relied upon by the Plaintiff in support of its long-arm jurisdiction argument, all contain the same fundamental flaw, namely, the transaction or business within the State gave rise to the cause of action.  The parties in those cases had a prior relationship wherein one was wronged by the other from a transaction within the State.

By way of example, Plaintiff relies upon *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010).  This case was for trademark infringement against the seller of

handbags that allegedly infringed on the Plaintiff's trademarks. The Court stated " we note that both New York's long-arm statute and the Due Process Clause require that Queen Bee's contacts with New York have some connection to Chloé's trademark infringement claim." *Id*. at 166. Again, the present case is not a claim for trademark infringement and Roca's sales within the State have no bearing on the matter before the Court.

Plaintiff also questionably relies on *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 256 N.E.2d 506 (1970). This case involves a suit by an auction house against an out-of state bidder on an item. Again the single act by the out-of-state defendant gave rise to the cause of action before the Court. This misguided reliance continues with a citation to *Fischbarg v. Doucet*, 38 A.D.3d 270, 832 N.Y.S.2d 164 (App. Div.) aff'd, 9 N.Y.3d 375, 880 N.E.2d 22 (2007), a case involving a fee dispute between an attorney and out-of-state client. Again, the act within the State is the basis for the cause of action, and thus jurisdiction. Plaintiff's reliance on *Catauro v. Goldome Bank for Sav.,* 189 A.D.2d 747, 748, 592 N.Y.S.2d 422 (2nd Dept. 1993) is similarly erroneous as once again the out-of-state party was involved in a transaction within the State giving rise to the cause of action. The Court stated "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the appellant never enters New York, so long as the [appellant's] activities here were purposeful **and there is a substantial relationship between the transaction and the claim asserted**." *Id*. at 422-23 (emphasis added).

The remainder of Plaintiff's opposition to the Motion on personal jurisdiction contains the same fundamental flaw, there is no relationship between the parties other than a single cease and desist letter (and a follow-up settlement demand at the request of Plaintiff's counsel). Plaintiff is self-described as the "injured Plaintiff" in a further attempt to lead this Court into finding jurisdiction where none exists. They were are not an injured Plaintiff, do not represent

any injured Plaintiff and have no dealings with the Defendants other than a cease and desist letter--which it is undisputed does not give rise to jurisdiction.

Plaintiff repeatedly disparages the arguments made in the Motion, yet presumably intentionally, or possibly mistakenly, misquotes crucial holdings in cases it cites. Moreover, the relevant cases cited in the Defendants' memorandum of law which explicitly hold that a cease and desist letter is not enough to confer jurisdiction over a defendant, are ignored and not distinguished in any fashion. Quite simply, because they are directly on point to the facts in this case and would require the granting of Defendants' Motion to Dismiss.

***B. Plaintiff's request for jurisdictional discovery should similarly be denied as the cases relied upon by the Plaintiff do not support discovery in this action***

While it is correct the Court should take every reasonable step to determine whether jurisdiction exists, jurisdictional discovery is only warranted where the pleadings give some indicia that there may be personal jurisdiction. *See Burchette v. Abercrombie & Fitch Stores, Inc*., 2009 WL 856682, at 5 (S.D.N.Y. Mar. 30, 2009)("[D]istrict courts in this Circuit have ordered jurisdictional discovery where [as here] a plaintiff made less than a *prima facie* showing but made a sufficient start toward establishing personal jurisdiction"). In *Burchette*, relied upon by the Plaintiff herein, the Court permitted jurisdictional discovery in an employment discrimination case against Abercrombie & Fitch, with regard to the individual action against a member of its Board of Directors, a resident of Ohio. There was question as to whether the Defendant's travels to New York would give rise to personal jurisdiction. The key issue warranting jurisdictional discovery was the extent of the relationship between the Defendant Board member and the Plaintiff.

Contrasting *Burchette* to the case at bar, first as Plaintiff points out Defendants do not dispute the allegations in the Complaint for purposes of this Motion, and even accepting them as

true, there is no jurisdiction over the Defendants.[1]  Plaintiff claims that it made a "sufficient start with respect to personal jurisdiction" by showing "sufficient and continuous contacts with New York in which defendants have further sought to improperly inhibit the free speech rights of New York citizens."  Plaintiff memo of law p. 19.  Again, this case is not about the free speech rights of all New Yorkers.  It is about whether Plaintiff can use certain marks owned by Defendants on its website.  In granting this Motion this Court is not disparaging the rights of the few New Yorkers who visit the Plaintiff's website.  If the case has merit, it can be commenced in any State or Federal Court within a jurisdiction that Defendants are subject to personal jurisdiction, however New York is not one.

## II. THE DECLARATORY JUDGMENT ACT DOES NOT GIVE THIS COURT SUBJECT MATTER JURISDICTION OVER THIS MATTER

Should the Court need to go beyond the personal jurisdiction issue, Defendants will rely upon the arguments set forth in the underlying memorandum in support of the Motion.  In summation, the Declaratory Judgment Act states that jurisdiction is discretionary and it is up to the Court whether to adjudicate the case.  It provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.SC. § 2201(a) (emphasis added).  As previously noted, the Supreme Court interpreted this language to be discretionary in *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S. Ct.

---

[1] Ironically, *Burchette* stated correctly the well-established law on jurisdiction "New York's C.P.L.R. § 302(a)(1) confers jurisdiction over 'any non-domiciliary' who 'transacts any business within the state ...' so long as the cause of action arises from this conduct." "A claim arises out of a party's transaction of business when there is a 'substantial nexus' between the transaction of business and the cause of action sued upon." *Burchette v. Abercrombie & Fitch Stores, Inc.*, *supra* at 4.

1173, 1175, 86 L. Ed. 1620 (1942), stating "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act . . . it was under no compulsion to exercise that jurisdiction." *Id*. at 494.

Certainly the discretion to hear a matter under the Declaratory Judgment Act should be used and the matter dismissed with regard to the Fifth and Sixth Cause of Action of the Amended Compliant. The Fifth Cause of Action seeks a declaration that the two Defendants are alter egos of each other. And the Sixth seeks a declaration that Plaintiff is not bound by the Agreement that Defendant has with its customers.[2]  Obviously, Plaintiff is not bound by the Agreement as it never entered into an Agreement with the Defendants. Since the primary requirement of the Declaratory Judgment Act is that a claim be judicable, this Cause of action must fail. The Supreme Court has held the Declaratory Judgment Act to be limited to "cases of actual controversy." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40, 57 S. Ct. 461, 463, 81 L. Ed. 617 (1937). Plaintiff is merely trying to create controversy where none exists and for that reason, and all of the reasons set forth in the Motion to Dismiss, this case must be dismissed.

---

[2] It should be noted that this is the relief requested in the title heading of the Sixth Cause of Action, however the prayer for relief requests that the Defendants' Agreement be deemed void in the State of New York. Without question, the Plaintiff owner of a website has no standing to request such relief and if somehow this matter survives the personal jurisdiction challenge, this issue will need to be addressed in future motion practice.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request an Order dismissing the complaint in its entirety, with prejudice.

Dated: Far Rockaway, New York
December 1, 2014

**Marc Elefant, PC**
*Attorneys for Defendant*

By: /s/ Shawn J. Wallach
Shawn J. Wallach, Esq. (5611)
wallachshawn@gmail.com