# MARC ELEFANT, P.C.
ATTORNEYS AT LAW
1931 MOTT AVENUE – SUITE 417
FAR ROCKAWAY, NY 11691
TEL: (718) 471-2220
FAX: (718) 989-9293

*Writer's direct: (908) 601-6550*

January 14, 2015

Hon. Lorna G. Schofield, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Opinion Corp. v. Roca Labs, Inc.
Case No.: 14-cv-6396 (LGS)

Dear Judge Schofield:

Please accept this correspondence in response to the January 13, 2014 letter from Plaintiff's counsel.  As Your Honor may recall there is presently a Motion to Dismiss this action pending before the Court based upon, *inter alia*, the lack of personal jurisdiction over the Defendants and lack of proper venue.

Discovery:

Counsel's letter to the Court, though thorough, does not address the fairly straightforward issue at hand.  Quite simply, Defendants requested a brief extension of time to supply initial responses to discovery demands served by Plaintiff.  In the interests of simplifying the issue for the Court, Defendants agree that the discovery demands were attached to an email on December 4, 2014.  Though that email was received, the attachment with the discovery demands was not realized, and it was erroneously assumed since the date to serve initial demands had passed, neither side would be serving them.[1]  While in some cases this would be an unrealistic belief, this is a Declaratory Judgment action in which all relevant discovery was presumably disclosed in the Rule 26 exchanges.  Plaintiff had demanded depositions and they were to be arranged.

Upon learning from Plaintiff's counsel that demands were in fact served, I apologized and asked for a brief extension to respond.  While counsel was willing to extend the deadline, that was conditioned upon the waiver of any objections to the discovery.  Given the nature of the demands and their utter over-reaching and irrelevant nature, this conditioned extension was not

---

[1] In the same email the Plaintiff's initial disclosure was also attached and, though not made issue of, was quite untimely.  Defense counsel, as is expected by members of the bar, extended every courtesy to Plaintiff with regard to the initial disclosure as well as agreeing to permit an extension of time to oppose the Motion to Dismiss.

acceptable.

It was conveyed to counsel in a letter, dated January 8, 2015, Defendants would not waive any responses to the irrelevant discovery demands without first requesting a conference with the Court.  Following that letter, the parties had a discussion and it was agreed that Plaintiff would advise the Court of the issue.

Unfortunately, Plaintiffs are using this Court and this action to attempt to gain discovery for the action pending against it in Florida.  The matter before the Court has Six Counts all seeking Declaratory relief.  As pled, the Six Counts are:

1. Declaratory Judgment of Trademark Non-Infringement, Non-Dilution and No Unfair Competition

2. Declaratory Judgment of Copyright Non-Infringement

3. Declaratory Judgment of No Deceptive or False Advertising

4. Declaratory Judgment of Non-Liability Based on 28 U.S.C. §2201

5. Declaratory Judgment of Defendants' Alter Ego Liability

6. Declaratory Judgment that Defendants' Agreement is Unlawful or Unenforceable as Against Plaintiff

By very brief example, which if the Court requires will have to be fully briefed at a later date, the interrogatories include many demands such as:

> 7. All documents demonstrating your revenue, costs and profits on a quarterly basis from January 1, 2011 through to the present.
>
> 8. All documents listing the full names of all individuals or entities who you have purchased your product since January 1, 2011 through to the present, including:
>
> (a)  the amount you charged for the product;
>
> (b)  the amount you charged for shipping and handling; and
>
> (c)  the addresses of the individuals or entities where shipments were
>
> delivered.

See **Exhibit 1** for complete demands served on Defendant.

Looking at the Counts alleged, in comparison to the very brief example of what has been demanded, it is clear the information demanded bears no relevance to the matter before the Court

and is improper under the Federal Rules of Civil Procedure.[2]

Venue:

Another issue raised in the letter to Plaintiff's counsel on January 8, 2015 was that documents filed in the Florida action seemingly contradicted the basis of Venue alleged in this action. Although the motion before the Court raises improper Venue on the anticipatory litigation exception to the first to file rule, it came to our attention that Plaintiff's principal place of business is in Garden City, New York, outside of this District and in the Eastern District of New York.  *See* **Exhibit 2,** responses #1 & 11.  In the Amended Complaint Plaintiff affirmatively states:

> 8. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1121 (b) and (c) because a substantial portion of the harm sought to be avoided, and substantial part of the events and omissions giving rise to the claims herein, have occurred, continue to occur and threaten to occur in this District.

It is unclear what section or provision of law Plaintiff was basing venue on however, 28 U.S.C. 1391 states:

> **(b) Venue in general.** A civil action may be brought in
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

It was presumed upon the filing of the Complaint based upon the affirmative statements of counsel that Venue was proper, that the Plaintiff's principal place of business was in the Southern District of New York, otherwise it cannot be claimed that a substantial part of the harm sought to be avoided "have occurred, continue to occur and threaten to occur in this District." Amended Complaint Para. 8.  If the Venue is proper in this District all counsel had to do was clarify his basis for paragraph 8 of the Amended Complaint, which has not been done.  Rather counsel argues that this argument is waived because it was not raised in the Motion to Dismiss.

In light of the new information discovered strongly indicating that Venue in this District is premised upon false statements in the pleadings, it is respectfully requested that the Court inquire as to the accuracy of the basis of Venue.  If the Plaintiff does not have its place of business in this District, the alleged harm by definition cannot occur in this District.

---

[2] In addition to the arguments made in the Motion as to why this case should be dismissed.

While Defendants still maintain the position that Venue in this case is improper and properly belongs in the Middle District of Florida, even if the Court disagrees with the earlier motion it has become clear that Venue in this case was improperly alleged in this District or at the very least Plaintiff should have to support its allegation that Venue in proper.

Finally, the Plaintiff requested an additional 45 days to complete fact discovery and Defendants would join in that request and respectfully ask the Court to extend said deadline.

Thank you for your attention to this matter. I look forward to discussing it further at the scheduled conference on January 21, 2015.

Respectfully submitted,

/s/ Shawn J. Wallach

Shawn J. Wallach

Cc:

VIA ECF
Goetz Fitzpatrick, LLP
One Penn Plaza
New York, NY 10119