

Joel G. MacMull
Ext. 339
jmacmull@goetzfitz.com

January 26, 2015

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

      Re:      <u>Opinion Corp. et al. v. Roca Labs, Inc. et al.
                  Case No. 14-cv-6396 (LGS)</u>

Dear Judge Schofield:

      We represent plaintiff in the above-captioned matter. We write to the Court now following our teleconference with Your Honor last Wednesday, January 21, 2015, wherein the Court indicated that, having now considered defendants' motion to dismiss the Amended Complaint, it intended to grant the motion on the basis that plaintiff lacks personal jurisdiction over the defendants in New York.

      In light of the Court's comments last week, and following plaintiff's filing of a voluntarily notice of partial dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) dismissing its fourth cause of action for a declaratory judgment of non-liability based on 28 U.S.C. § 2201 filed approximately contemporaneously with this letter (Dkt. No. 40), we respectfully request the Court issue an order transferring this case to the United States District Court, Southern District of Florida. There, another action, styled as *Opinion Corp. v. Consumer Opinion Corp., v. Roca Labs, Inc*., Case No. 15-cv-80051, and involving these same parties is currently pending. (A copy of the Complaint in the aforementioned action is attached hereto as Exhibit 1.)  That case concerns some of the same issues as this one – namely declaratory judgments of non infringement of intellectual property rights and other declarations of rights under Title 17 of the U.S. Code.

      As the Court is aware, the decision to transfer an action lies within the discretion of the court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993); *McCulley v. Anglers Cove Condominium Association, Inc.*, 977 F.Supp. 177 (E.D.N.Y.1997) (citing *Cellutech, Inc. v. Centennial Cellular Corp*., 871 F.Supp. 46, 50 (D.D.C.1994)).

      The absence of personal jurisdiction does not frustrate the Court's power to transfer a case to a district where venue is proper. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases ... whether the court in which it was filed had personal jurisdiction over the defendants or not."). The

 **GOETZ FITZPATRICK LLP**

Hon. Lorna G. Schofield, U.S.D.J.
January 26, 2015
Page 2 of 3

Second Circuit also recognizes the authority under 28 U.S.C. §§ 1404 and 1406 to transfer a case "in the interests of justice" even where personal jurisdiction is lacking and venue is improper. *See Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978); *see also Tomchuck v. Union Trust Co.*, 875 F.Supp. 242, 243 (S.D.N.Y. 1995) (recognizing that a transfer of venue may be granted even in the absence of personal jurisdiction); *Troyer v. Karcagi*, 488 F.Supp. 1200, 1206-07 (S.D.N.Y. 1980).

While this Court clearly has the authority to transfer the case at bar, the determinative question is whether a transfer is in the interests of justice. *See* 28 U.S.C. §§ 1404(a); and 1406(a). Whether a transfer is in the interests of justice is appropriate is based upon "whether the plaintiff has been diligent in pursuing his claim, whether the opposing party would be unduly prejudiced by the transfer, and whether plaintiff's reason for bringing the case in the wrong forum is analogous to an 'erroneous guess' about an 'elusive fact.'" *Gibbons v. Fronton*, 661 F.Supp.2d 429, 436 (S.D.N.Y. 2009). Consideration of these factors weigh in plaintiff's favor.

First, plaintiff has been diligent in pursuing its claims. The facts giving rise to plaintiff's action began on August 4, 2014. (Dkt. No. 15 ¶ 30.) Plaintiff commenced suit four days later on August 12, 2014. (Dkt No. 1.)

Second, defendants will not be unduly prejudiced by transfer to the Southern District of Florida. This is the district where defendants are believed to conduct business, and from which their key wrongdoing emanated, and where they have filed many recent lawsuits. As such, transfer to this district would not be prejudicial. *See Gibbons*, 661 F.Supp.2d at 436 ("Moreover, because defendants reside in Florida, they would not be prejudiced by transferring the case there."). Additionally, as the current pending litigation in the Southern District of Florida notes, defendants have, upon information and belief, communicated with plaintiff — indeed, threatened additional litigation under Florida law — from a location based in Delay Beach, Florida. (*See* Exhibit 1, ¶ 9.) Nor will transfer automatically result in an adverse judgment against defendants because they remain able to defend plaintiff's claims on the merits. Thus, transfer is not unduly prejudicial.

Third, while plaintiff has in its opposition to defendants' motion to dismiss provided reasons why it brought this case in New York, including but not limited to (i) plaintiff is a New York corporation; (ii) defendants directed two cease and desist letters into the forum; (iii) defendants continuously supplied goods into New York, and to the same individuals who utilized plaintiff's website deriving revenues from those same sales (Dkt. No. 27 at 11-12), any error on plaintiff's part in bringing this case in the wrong forum is, by itself, not enough to warrant dismissal. *See Loos v. Mitcheltree*, No. 13-cv-69S, 2013 WL 3759957, at *3 (W.D.N.Y. July 15, 2013). Nor can it be said that there exists any bad faith here on the part of plaintiff in filing their Complaint in this district.

Alternatively, should the Court conclude that transfer of this matter to the Southern District of Florida is improper for one reason or another, then plaintiff further respectfully requests that a transfer order be issued to the United States District Court for the Middle District

 GOETZ FITZPATRICK LLP

Hon. Lorna G. Schofield, U.S.D.J.
January 26, 2015
Page 3 of 3

of Florida, a venue to which defendants have already conceded jurisdiction. (Dkt. No. 6-2 ("the proper venue for this matter would be in the Middle District of Florida, where the related action between the parties is located."))

We thank the Court for its continued attention to this matter.

Respectfully submitted,
GOETZ FITZPATRICK

Joel G. MacMull

cc:   All Counsel of Record (*via ECF*)