```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
OPINION CORP.,                                               :
                                  Plaintiff,                 :
                                                             :         14 Civ. 6396 (LGS)
                  -against-                                  :
                                                             :         OPINION AND ORDER
ROCA LABS, INC., et al.,                                     :
                                  Defendants.                :
                                                             :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

This declaratory judgment action is a defensive action by Plaintiff Opinion Corp., which owns and operates a consumer review website called "PissedConsumer.com." Plaintiff seeks a declaration that it is not liable to Defendants Roca Labs, Inc. ("Roca Labs") and Roca Labs Nutraceuticals USA, Inc. ("RLN") for posting negative consumer reviews about Defendants' product, the "Gastric Bypass Alternative." Defendants move to dismiss for lack of personal jurisdiction. For the following reasons, Defendants' motion is denied, and the case is transferred to the United States District Court for the Middle District of Florida.

**BACKGROUND**

The facts and quotations below are taken from Plaintiff's Amended Complaint ("Complaint") and assumed to be true for purposes of this motion.

Plaintiff Opinion Corp. is a New York corporation with its principal place of business in New York, New York.[1] Plaintiff owns and operates "PissedConsumer.com" (the "Web Site"), a consumer review site that "permits third party users . . . to post comments and criticisms of

---

[1] Defendants contend that Plaintiff's principal place of business is actually in Brooklyn, New York. *See* Dkt. 39. It is unnecessary to resolve this factual dispute, however, in adjudicating Defendants' Motion to Dismiss.

businesses and individuals." Plaintiff "does not, as a rule, edit, confirm or vet the content of users' posts for accuracy."

Both Defendants are Florida corporations with their principal place of business in Sarasota, Florida. RLN describes itself on its website as the inventor of the "Gastric Bypass Alternative," a nutraceutical product purported to be the "strongest non-surgical weight loss [nutraceutical product] in the world." "RLN sells [this product] to buyers nationwide, including, upon information and belief, in the State of New York, through its website."

When purchasing RLN's product, consumers are presented with -- and presumed to agree to -- terms and conditions on RLN's website. These terms include that customers "will not speak, publish, cause to be published, print, tweet, review, blog, or write negatively about RLN, or our products or employees in any way."

The Complaint alleges that "numerous dissatisfied customers have posted complaints" -- including "[o]n information and belief, citizens of the State of New York" -- on Plaintiff's web site. The Complaint estimates that approximately 71,000 individuals have read negative reviews posted about Defendants on the Web Site. The Complaint further avers, "Upon information and belief, citizens of the State of New York have sought consumer reviews of the product in order to make informed decisions as to purchasing or using the product."

In a letter dated August 4, 2014, (the "First Demand Letter"), counsel purporting to represent Roca Labs wrote to Plaintiff and demanded that Plaintiff remove complaints about Defendants from the Web Site. The First Demand Letter "explicitly threatened litigation against plaintiff, was purposely directed at plaintiff in New York and towards New York and had the intent and effect of chilling the First Amendment rights of plaintiff, a New York corporation, as well as those citizens of the State of New York." The Complaint further alleges that the First

2

Demand Letter "placed plaintiff, a New York corporation, in reasonable apprehension of an immediate and imminent frivolous lawsuit by Roca Labs in Florida, which is an inconvenient forum for plaintiff."

In a letter dated August 7, 2014, (the "Second Demand Letter") Roca Labs wrote to Plaintiff that "Roca has suffered damages in excess of $40 million" and accused Plaintiff of infringing trademarks and copyrights claimed by Defendants.  In the Second Demand Letter, Defendants "demanded that, in order to avoid litigation, [Plaintiff] remove all postings about Roca Labs from [the Web Site], identify anonymous complainants and pay $100,000 to Roca Labs 'to cover past expenses and future monitoring.'"

On August 12, 2014, Plaintiff filed this action, and subsequently filed the Amended Complaint on September 30, 2014.  The Complaint alleges that the Court has personal jurisdiction over Defendants "because they are doing business in the State of New York or otherwise have engaged in acts and conduct purposefully directed toward plaintiff, a New York company whose principal place of business is in the State of New York."  The Complaint further asserts that personal jurisdiction exists "because [Defendants] have purposefully availed themselves of the privilege of doing business in New York by entering into multiple contracts with New York residents, selling a significant number of products in New York, and further by virtue of their efforts to enforce contracts against New York residents."

On August 15, 2014 -- shortly after this action was filed -- Defendants filed an action against Plaintiff in Florida, based in part on the facts described above.

**STANDARD**

Defendants ask the Court to dismiss this action for lack of personal jurisdiction over them.  "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears

3

the burden of showing that the court has [personal] jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Id.* at 566 (citation omitted). Where "a court relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (citation omitted); *accord Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "Such a showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (alteration in original) (citation omitted).

The Court engages in a two-step inquiry to determine whether it has personal jurisdiction over a defendant. First, the Court determines whether there is personal jurisdiction over the defendant under the laws of the forum state. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). If so, the Court determines whether asserting jurisdiction would be consistent with the requirements of due process under the Fourteenth Amendment. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

"Personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (citations omitted).

**DISCUSSION**

The Complaint's allegations relevant to personal jurisdiction reduce to the following: Defendants are foreign corporations that advertise their product on the Internet and conduct business nationwide, including by selling and shipping goods to unspecified customers in New York.  Defendants sent two cease-and-desist letters into New York in connection with the instant dispute.  The claims seek a declaratory judgment that Plaintiff committed no wrong, and do not allege any wrongdoing by Defendants in New York or elsewhere.  These facts do not give rise to personal jurisdiction in New York.  However, as described in greater detail below, dismissal is unwarranted where, as it is here, transfer of the case would promote the interest of justice.

Section 302 of the New York Civil Practice Law and Rules governs the exercise of personal jurisdiction in New York over non-domiciliaries such as Defendants.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001).  Section 302(a) provides "[a]s to a cause of action arising from any of the acts enumerated in this section, a court [in New York] may exercise personal jurisdiction over any non-domiciliary," who:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).  As the Complaint does not allege that Defendants committed a tortious act or that they own, use or possess real property in New York, subsections (2), (3) and (4) are irrelevant here.  Only subsection (1) could conceivably apply in this matter.

Section 302(a) by its terms requires that the cause of action arise out of the enumerated act that provides a nexus to New York, in this case the transaction of business in New York.  *See Agency Rent a Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996) ("[A] court may exercise personal jurisdiction over any foreign defendant who 'transacts any business within the state,'" so long as "the claim . . . 'arise[s] from' the transaction of business within the state." (citations omitted)).  "A claim 'arises out of' a defendant's transaction of business in New York 'when there exists 'a substantial nexus' between the business transacted and the cause of action sued upon.'"  *Id.* at 31 (citations omitted).

For section 302 purposes, Defendants here are similarly situated to the defendant in *Menzies*, where "[t]he present controversy arose as a result of Menzies' 'cease and desist' letter, not her New York commercial activity."  *Menzies*, 715 F.2d at 765 ("Menzies' shipment of goods into New York are irrelevant to [plaintiff]'s declaratory judgment action and [plaintiff]'s cause of action would exist regardless of whether Menzies' products were sent to New York.").  Just as the Second Circuit found no "articulable nexus" for section 302 purposes in *Menzies*, there is no articulable nexus here.  *Id.*  Section 302 therefore does not confer personal jurisdiction over Defendants in this matter.

Even if a non-domiciliary defendant ships goods into New York, these shipments do not give rise to personal jurisdiction under section 302 unless the plaintiff shows that these shipments are in some way injurious to it.  *See Menzies*, 715 F.2d at 765.  Furthermore, New York courts have consistently refused to sustain section 302 jurisdiction solely on the basis of a

defendant's communication from another locale with a party in New York. *See McGowan v. Smith*, 52 N.Y.2d 268, 271-72 (1981) (collecting cases).

Plaintiff's arguments to the contrary are unavailing. In opposition to the instant motion, Plaintiff expends much effort to show that Defendants have transacted business and contracted to supply goods in New York. It is undisputed that Defendants have sold products to New York consumers. However, the Complaint fails to allege a "substantial nexus" -- or indeed any relationship -- between Defendants' sales in New York and this action.

Without a "substantial nexus," section 302 does not permit the exercise of personal jurisdiction over Defendants in this case.

Even assuming *arguendo* that the requirements of section 302 were satisfied, the exercise of jurisdiction would be barred by the Due Process Clause of the Fourteenth Amendment. To show that the exercise of jurisdiction would not violate due process, a plaintiff must establish, *inter alia*, that the "defendant 'purposefully availed' [himself] of the privilege of doing business in [the forum state] and that [the defendant] could foresee being 'haled into court' there." *Kernan v. Kurz-Hastings Inc.*, 175 F.3d 236, 242-43 (2d Cir. 1999) (citing *Chew v. Dietrich*, 143 F.3d 24, 28 (2d Cir. 1998); *see also World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)*.* In *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), a plurality of the Supreme Court concluded that the placement of goods into the stream of commerce -- the so-called "stream of commerce theory" -- does not establish purposeful availment. Instead, the plurality determined that a defendant must also be "engaged in conduct purposefully directed at [the state]." *Id.* at 2790. Plaintiff here has alleged merely that Defendant has placed goods into the stream of commerce; Plaintiff has not alleged that Defendant "engaged in conduct

7

purposefully directed" at New York.  Thus, the exercise of personal jurisdiction here, even if there were a "substantial nexus," would violate due process.

Accordingly, Plaintiff has failed to make a prima facie showing that the exercise of personal jurisdiction is permissible here.  Neither the New York long-arm statute nor the Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over Defendants in this matter.

## **CONCLUSION**

Although no personal jurisdiction exists over Defendants in this matter, dismissal is not necessary.  "Rather, a court may transfer an action commenced in a district in which personal jurisdiction over the defendant is lacking to another district in which the action could have been brought, if the transfer would promote the interest of justice."  *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05 CIV. 6939, 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006) (citing *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978).  "A court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte* even if the defendant moves only to dismiss."  *Id.* (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 372 n.3 (2d Cir. 1966)).

Transfer to the Middle District of Florida is appropriate here.  Defendants in this matter have filed an action against Plaintiff there; Plaintiff therefore has already retained Florida counsel to represent it in that matter.  Furthermore, "such a transfer would benefit the plaintiff, which will avoid the chore of refiling this action."  *Id.*

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.  The Clerk of Court is respectfully directed to close the motion at Docket No. 18

and to transfer this matter to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1406(a).

    SO ORDERED.

Dated: January 30, 2015
       New York, New York

                                    **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**